IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BILLIE JO RICHARDS | : | 4:08-CV-01947 |
| Plaintiff | : | (Judge McClure) |
| v. | : | |
| CENTRE AREA TRANSPORTATION AUTHORITY | : | |
| Defendant. | : | |

**M E M O R A N D U M**

March 3, 2009

**BACKGROUND:**

On October 24, 2008, plaintiff Billie Jo Richards instituted this civil action against defendant, Centre Area Transportation Authority ("CATA"). In her complaint, Richards alleges retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act ("PHRA").

On December 5, 2008, CATA filed a Motion to Dismiss. (Rec. Doc. No. 5). Supporting and opposing briefs have been filed (Rec. Doc. Nos. 6 and 7)[1], a reply brief has been filed (Rec. Doc. No. 8), thus the matter is ripe for disposition.

Now, for the following reasons, we will deny defendant's motion to dismiss.

---

[1] Both parties are directed to Middle District Local Rule 5.1(c) and are advised to use 14 point font in future filings.

**DISCUSSION:**

### I. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000). A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007).

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Hellmann v. Kercher, 2008 U.S. Dist. LEXIS 54882, 4 (W.D. Pa. 2008). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964, (2007) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. <u>Hellmann</u>, 2008 U.S. Dist. LEXIS at 4-5. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. <u>Twombly</u>, 127 S.Ct. at 1965.

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." <u>Id.</u> at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." <u>Id.</u> at 327

## II. Allegations in the Complaint

Taking as true all of the allegations in the complaint, the facts are as follows. In 1989, Richards began working as a bus driver for CATA. From the start of her

employment through early 2005, her immediate supervisor was Steve Crownover. Crownover's supervisor was Joe Gilbert. In April 2001, Richards submitted a written complaint of sexual harassment by Crownover and others to CATA's human resources manager. Allegedly, Crownover, in the presence of Gilbert, engaged in unwelcome sexual harassment of Richards and others. CATA's internal investigation of the charges was "inconclusive."

Richards filed a complaint of sexual harassment with both the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"). Through the administrative procedures of these agencies, a mediation took place, but the case was closed because Richards did not accept CATA's settlement offer.

On May 24, 2007, counsel advised CATA's counsel that a civil complaint would be filed, and sent counsel a courtesy copy of the complaint. On May 31, 2007, Richards filed the civil complaint alleging Quid Pro Quo Harassment and Hostile Work Environment in violation of Title VII of the Civil Rights Act of 1964 and the PHRA.[2] The parties reached a settlement agreement, and thus, on August 7, 2008, the Honorable John E. Jones, III dismissed the case without prejudice.

---

[2] The Civil Complaint is Docket Number 4:CV-07-01002. Plaintiff's complaint states an incorrect docket number.

On May 25, 2007, one day after CATA was advised of the forthcoming civil complaint, Richards was suspended without pay "pending the completion of an investigation" of events that allegedly occurred May 22 and 23, 2007.  On June 6, 2007, CATA terminated plaintiff's employment.  Plaintiff alleges that any allegations of misconduct by plaintiff on these two days was manufactured and/or fabricated evidence, undertaken as pretext for her termination.

Plaintiff initiated the instant suit alleging that her employment termination was in retaliation for filing the civil complaint.

### III.  Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a); and the PHRA, 43 P.S. § 955(d)

As an initial matter, Richards has sufficiently pled participation in protected activities to set forth a claim of retaliation.  The subject of the motion to dismiss is not whether Richards has stated a claim for relief; but whether she is barred by either res judicata or collateral estoppel from bringing suit in this court after participating in arbitration as required by a collective bargaining agreement between CATA and the AFL-CIO (of which Richards is a member).

To determine if Richards is barred from bringing her claim in this court, we first need to understand the tension between two lines of related, but distinguishable case law.  Compare, e.g., Alexander v. Gardner-Denver, 415 U.S.

36 (1974), with, e.g., Gilmer v. Interstate/Johnson Lane Corporation, 500 U.S. 20 (1991).

In Gardner-Denver, a discharged employee filed a grievance pursuant to the union and employer's collective bargaining agreement ("CBA"). 415 U.S. at 39. The CBA contained an anit-discrimination clause, as well as a broad arbitration clause covering "differences aris(ing) between the Company and the Union as to the meaning and application of the provisions of this Agreement" and "any trouble aris(ing) in the plant." Id. at 39-40. The arbitrator ruled that Alexander had been discharged for just cause. Id. at 42. The District Court and Tenth Circuit held that Alexander was bound by the arbitrator's decision, and was thereby precluded from filing a complaint based on Title VII. Id. at 43. The Supreme Court reversed, holding that "an individual does not forfeit his private cause of action [under Title VII] if he first pursues his grievance to final arbitration under the nondiscrimination clause of a collective-bargaining agreement. Id. at 49. "There is no suggestion in the statutory scheme that a prior arbitral decision either forecloses an individual's right to sue or divests federal courts of jurisdiction." Id. at 48. "[L]egislative enactments in this area have long evinced a general intent to accord parallel or overlapping remedies. . ." Id.

Furthermore, the Court stated "there can be no prospective waiver of an

employee's rights under Title VII.  Gardner-Denver, 415 U.S. at 51.  The court also stated that Alexander's actual submission of his grievance to arbitration does not alter the holding.  Id. at 52.  "[T]he arbitrator has authority to resolve only questions of contractual rights, and this authority remains regardless of whether certain contractual rights are similar to, or duplicative of, the substantive rights secured by Title VII.  Id. at 53-54.  "An arbitrator is confined to interpretation and application of the collective bargaining agreement."  Id. at 54.  By "instituting an action under Title VII, the employee is not seeking review of the arbitrator's decision[,] [r]ather, he is asserting a statutory right independent of the arbitration process."  Id.

The court reached a different result in Gilmer v. Interstate/Johnson Lane Corp. 500 U.S. 20.  Gilmer was a registered securities representative with the New York Stock Exchange.  His registration application contained an arbitration clause for controversies arising between him and Interstate.  Id. at 23.  Gilmer's employment was terminated when he was 62.  Id.  He filed a complaint in the District Court for violation of the Age Discrimination in Employment Act ("ADEA").  Id.  Interstate filed a motion to compel arbitration, which the District Court denied based on Gardner-Denver.  Id. at 24.  The Fourth Circuit reversed and the Supreme Court affirmed.  Id.

The Court found there was nothing in the ADEA's text or legislative history that evinced an intent to preclude a waiver of judicial remedies for the statutory rights.  Id. at 26.  Furthermore, Gilmer's situation was found to be distinguishable from the Gardner-Denver line of cases and its progeny.  Id. at 35.  Those cases involved the issue of whether arbitration of contract-based claims precluded subsequent judicial resolution of statutory claims, as opposed to the enforceability of an agreement to arbitrate statutory claims.  Id.  Moreover, in those cases, the arbitration occurred in the context of a CBA, as opposed to an individual agreement.  Id.  As a result, Gilmer's ADEA claim could be subjected to arbitration.  Id.

Although these two cases reach opposing outcomes, Wright v. Universal Maritime Service Corp, et. al., explains the distinctions between the two.  525 U.S. 70 (1998). Wright, a member of the AFL-CIO, was subject to a CBA that subjected grievances to arbitration.  Id. at 72-72.  When he was refused employment due to a permanent disability he filed a complaint with the District Court for violation of the ADA.  Id. at 74-75.  The District Court dismissed the case for Wright's failure to utilize the grievance procedure.  Id. at 75.  The Fourth Circuit affirmed, relying on Gilmer.  Id. The Supreme Court vacated and remanded the decision.

The dispute in Wright was not based on an application or interpretation of the CBA, but a right arising out of a federal statute. 525 U.S. 78-79. For a CBA to waive a statutory right, the union's "waiver must be clear and unmistakable." Id. at 80. The Court did not answer the question of whether or not Gilmer overrules Gardner-Denver's prohibition of union waiver of employees' federal forum rights; but did find that "Gardner-Denver at least stands for the proposition that the right to a federal judicial forum is of sufficient importance to be protected against less-than-explicit union waiver in a CBA." Id. "Gilmer involved an individual's waiver of his own rights, rather than a union's waiver of the rights of represented employees and hence the "clear and unmistakable" standard was not applicable." Id. at 80-81.

The present situation is more analogous to Gardner-Denver and Wright than to Gilmer. Richards' arbitration was the result of a CBA by her union; she did not individually contract with CATA. Moreover, the subject of the arbitration was whether or not she was discharged for just cause, based on her contractual right; Title VII's statutory right was not the subject of the arbitration. (Rec. Doc. No. 6-3 at 1-10). Nowhere in the CBA does the AFL-CIO attempt to waive the employee's federal statutory right under Title VII. (Defendant's Brief, Exhibit D; or Plaintiff's Brief, Exhibit C). We find that Gardner-Denver applies here and will deny

CATA's motion to dismiss. Richards was subject to arbitration pursuant to the CBA; however, by instituting an action under Title VII, she is not seeking review of the arbitrator's decision; rather, she is asserting a statutory right independent of the arbitration process. See Gardner-Denver, 415 U.S. at 54.

And although CATA found 102 negative citing references relating to Gardner-Denver on Westlaw (Rec. Doc. No. 8 at 1), it failed to acknowledge that the Supreme Court has not overruled Gardner-Denver. Moreover, the Third Circuit has followed Gardner-Denver. (See Bolden v. Southeastern Pa. Transp. Auth., 953 F.2d 807 (3d Cir. 1991) (in an opinion by now Justice Alito, relying, in part, on Gardner-Denver to hold that the grievance procedures did not have res judicata or collateral estoppel effect on a § 1983 claim); and Burke v. Latrobe Steel Co., 775 F.2d 88 (3d Cir. 1985) (vacating summary judgment, and holding that plaintiffs could bring a previously arbitrated ERISA claim in District Court).

The cases CATA cites are either not on point, or not precedential authority that this court is bound to follow. Thus, we will apply Gardner-Denver's holding that "an individual does not forfeit his private cause of action [under Title VII] if he first pursues his grievance to final arbitration under the nondiscrimination clause of a collective-bargaining agreement" to find that Richards can bring her Title VII retaliation claim in this court. 415 U.S. at 49.

**CONCLUSION:**

Now, therefore, for all the foregoing reasons, we will deny defendant's Motion to Dismiss.

                                      s/ James F. McClure, Jr.
                                      James F. McClure, Jr.
                                      United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BILLIE JO RICHARDS | : | 4:08-CV-01947 |
| | : | |
| Plaintiff | : | (Judge McClure) |
| v. | : | |
| | : | |
| CENTRE AREA | : | |
| TRANSPORTATION AUTHORITY | : | |
| | : | |
| Defendant. | : | |

**ORDER**

March 3, 2009

In accordance with the accompanying Memorandum, **IT IS HEREBY**

**ORDERED THAT:**

1. Defendant's "Motion to Dismiss Pursuant to F.R.C.P. No. 12(b)(6) (Rec. Doc. No. 5, filed December 4, 2008) is DENIED.

                                      s/ James F. McClure, Jr.
                                      James F. McClure, Jr.
                                      United States District Judge