IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BILLIE JOE RICHARDS, | : | Case No. 4:08-cv-01947 |
| Plaintiff | : | (Judge Brann) |
| v. | : | |
| CENTRE AREA TRANSPORTATION AUTHORITY, | : | |
| Defendant. | : | |

**MEMORANDUM**

**April 22, 2013**

The Court entered final judgment in this matter in favor of defendant on January 25, 2010 (ECF No. 25); the Court of Appeals for the Third Circuit affirmed on February 18, 2011 (ECF No. 28). Plaintiff, apparently proceeding without the assistance of her attorney, has moved to reopen the matter on the ground that she possesses newly discovered evidence. (See Pl.'s Ltr., Mar. 12, 2013, ECF No. 30) (hereinafter "Pl.'s Ltr."). The motion is denied.

First, plaintiff's motion is untimely, coming more than three years after final judgment was ordered (and more than two years after that Order was affirmed). See Fed. R. Civ. P. 60(c)(1) (a motion for relief from final judgment on the ground of newly discovered evidence must be made "no more than a year after the entry of

the judgment").

Second, even were plaintiff to show that she, acting with reasonable diligence, could not have unearthed the evidence sooner (a necessary showing, see Fed. R. Civ. P. 60(b)(2), that plaintiff's letter to the Court does not endeavor to make), the evidence would not have changed the Court's decision on defendant's summary judgment motion and thus does not constitute cause for reopening the case. See Coregis Ins. Co. V. Baratta & Fenerty, Ltd., 264 F.3d 302, 309-10 (3d Cir. 2001) (upholding denial of Rule 60(b) relief where new evidence would not have changed decision on summary judgment motion).

The complaint plaintiff filed on October 24, 2008, alleged that plaintiff's employer, Centre Area Transportation Authority ("CATA"), fired her because she filed a sexual harassment in the workplace complaint. The Court awarded summary judgment for CATA because CATA advanced a legitimate nonretaliatory reason for plaintiff's termination – her repeated disciplinary infractions – and plaintiff failed to offer any evidence that would allow a reasonable jury to conclude that CATA's stated reasons were pretextual or that CATA fired plaintiff with a retaliatory motive. (See Ct. Mem., Jan. 25, 2010, ECF No. 24 at 17-23) (hereinafter, "Ct. Mem.").

Plaintiff's new evidence purports to show that a similarly situated male

employee (who had not filed a sexual harassment claim against CATA) was not fired for his disciplinary infractions, permitting the inference that the animating factor behind the termination of plaintiff's employment was retaliation. (See Pl.'s Ltr. at 1). The Court, however, does not agree with plaintiff that the male employee is situated similarly to plaintiff.

The Third Circuit "has not explicitly stated what constitutes a similarly situated employee," but "accept[s] the standard used by other circuits that to be considered similarly situated, comparator employees must be similarly situated in all relevant respects." Wilcher v. Postmaster Gen., 441 F. App'x 879, 882-83 (3d Cir. 2011). "A determination of whether employees are similarly situated takes into account factors such as the employees' job responsibilities, the supervisors and decision-makers, and the nature of the misconduct engaged in." Id. at 882.

Plaintiff and her comparator were both bus drivers, but plaintiff's record of misconduct appears to have been substantially more extensive. In addition to a history including (1) a "verbal outburst . . . against one of her supervisors on or about April of 2004"; (2) "workplace threats and inappropriate comments over the radio" in November of 2004; (3) a July 24, 2006 incident that constituted "possible cause for disciplinary action"; and (4) January and (5) September 2006 coworker complaints concerning plaintiff's "violent outbursts" against her

3

coworkers, plaintiff, in the run-up to her termination on or about June 7, 2007, was: (6) the object of an April 13, 2007, discrimination complaint filed by a coworker who accused plaintiff of "swearing and yelling about the people at CATA and about her lawsuit," after which CATA's human relations department recommended plaintiff's termination; (7) referred for her involvement in a May 22, 2007, "incident . . . in which [she] shut a bus door on a rider who had attempted to get off the bus" and engaged in "a verbal altercation with another patron on the bus which included [plaintiff] making racial remarks, inappropriate discharge of said passenger from the vehicle, refusal of passenger transfers and arguments outside of the vehicle with said passenger"; and (8) was reported in relation to a May 23, 2007 incident in the CATA parking lot in which plaintiff took "a threatening posture toward a coworker, using threatening, loud, and profane language," after which it was again recommended that plaintiff's employment be terminated. (See Ct. Mem. at 3-10). While Richards disputed the occurrence of some of these events and accused CATA of shoddy investigatory work, the Court determined that her evidence failed to create a triable issue of fact as to whether CATA's stated reasons for terminating her employment were pretextual. (See Ct. Mem. at 21-23).

Plaintiff's submission regarding her proposed comparator reveals that he

engaged in a racist verbal exchange with a CATA patron on July 24, 2007, followed by additional racist, "loud and profane" comments in the "driver's day room area" the same night. He had been disciplined for an "incident of similar nature" on December 26, 2006. No additional disciplinary infractions are specifically described. (See Pl.'s Ltr. at 2-3). The comparator's incidents, while serious, were fewer in number and, at least as described, did not feature the potentially violent character of a number of plaintiff's infractions. Moreover, plaintiff's comparator <u>was fired</u> on August 31, 2007. (<u>Id</u>. at 3). Unlike plaintiff, he was ultimately reinstated at the end of October 2007 after CATA reached a settlement with the union to which plaintiff and her comparator belonged, but had CATA acted with complete independence, then apparently the employment of plaintiff's comparator would have been permanently terminated as well.

Since plaintiff's new evidence is untimely; she has not shown that she could not have, with due diligence, discovered the evidence sooner; and because her evidence would not alter the Court's disposition on defendant's summary judgment motion, plaintiff's motion to reopen is denied.

s/ Matthew W. Brann<br>
Matthew W. Brann<br>
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BILLIE JOE RICHARDS, | : | Case No. 4:08-cv-01947 |
| Plaintiff | : | (Judge Brann) |
| v. | : | |
| CENTRE COUNTY TRANSPORTATION AUTHORITY, | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 22nd day of April, 2013, it is hereby ORDERED in accordance with the accompanying memorandum that plaintiff's request for reopening of this matter (Pl.'s. Ltr., Mar. 12, 2013, ECF No. 30) is DENIED.

The Clerk of Court is directed to forward a copy of this Order and the accompanying Memorandum to the plaintiff, Billie Joe Richards, by first class mail.

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge