# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BILLIE JO RICHARDS,[1]   :   4:08-CV-01947
          :
          :   (Judge Brann)
      Plaintiff, :
          :
    v.     :
          :
CENTRE AREA TRANSPORTATION:
AUTHORITY, INC.,[2]    :
          :
     Defendant. :

## MEMORANDUM OPINION

**March 7, 2017**

Before the Court for disposition is Plaintiff Billie Jo Richards's Motion

for Relief from Judgment. For the following reasons, Richards's Motion is

denied.

---

[1] Although one docket caption spells Plaintiff's middle name with an "e,"
[2] Although the docket caption titles Defendant, "Centre County
Transportation Authority," all parties agree that it is "Centre Area
Transportation Authority."

I.   **BACKGROUND**

In October 2008, Plaintiff Billie Jo Richards ("Richards"), filed a suit with the aid of counsel against her former employer, Defendant Centre Area Transportation Authority ("CATA"), and alleged retaliatory discharge after filing a sexual harassment complaint in 2007.[3] In 2010, this Court granted CATA's motion for summary judgment based on Richards's failure to establish pretext as the reason for her discharge from CATA.[4] Richards subsequently appealed to the United States Court of Appeals for the Third Circuit, which affirmed this determination in 2011.[5] The Third Circuit's plenary review concluded that Richards failed to point to anything "in the record that would support an inference that the reasons proffered by CATA were [pretextual]."[6]

---

[3] ECF No. 1 at ¶ 30.
[4] ECF No. 24 at 23.
[5] ECF No. 26.
[6] *Richards v. Centre Area Transp. Authority*, 414 Fed.Appx. 501, 504 (3d Cir. 2011).

Two years later, in 2013, Richards, now without the aid of counsel,

filed to reopen the matter[7] and alleged that she possessed newly discovered

evidence.[8] This Court, however, found that Richards's motion was

untimely because it was filed three years after final judgment was entered

and more than two years after that judgment was affirmed by the Third

Circuit.[9]

Moreover, I also concluded that the new evidence would not have

changed the grant of CATA's motion for summary judgment.[10] I reasoned

that the comparator who allegedly permitted an inference of retaliatory

termination was not "similarly situated" to Richards in "all relevant

respects."[11] Accordingly, in May 2013, this Court denied Richards's motion

to reopen the matter.[12] Richards, then, in *forma pauperis*, appealed again to

the Third Circuit.

_____

[7] ECF No. 30.
[8] ECF No. 33 at 1.
[9] *Id.* at 1-2.
[10] *Id.* at 1-2.
[11] *Id.* at 3 (*quoting Wilcher v. Postmaster Gen.*, 441 Fed.Appx. 879, 882-83 (3d. Cir. 2011)).
[12] *Id.* at 6.

On appeal, the Third Circuit affirmed. The Third Circuit agreed that the motion was untimely and, therefore, precluded any consideration of newly discovered evidence.[13]

Notwithstanding the untimeliness of Richards's motion, the Third Circuit also addressed the substantive reasons as to why her newly discovered evidence argument was without merit. First, the Third Circuit found that Richards failed to explain "when or how she received the 'new evidence' she wishe[d] to use."[14] Richards never explicitly stated whether this new evidence was provided in discovery.[15] Second, Richards never explained why, since she had been represented by counsel at the time, that the new evidence would not have been discoverable when first litigated.[16] Third, the Third Circuit agreed with this Court that "the proposed evidence would not have changed the outcome of the original litigation" because the "alleged comparator" did not engage in "similarly situated"

---

[13] *Richards v. Centre County Transp. Authority*, 540 Fed.Appx. 83, 85 (3d Cir. 2013); *see also* Fed. R. Civ. P. 60(b)(2), 60(c)(1).

[14] *Id.* at 85.

[15] *Id.*

[16] *Id.*

misconduct.[17] Lastly, Richards misunderstood the allegation of fraud and pretextual termination; therefore, Richards's fraud claim was without merit because she failed to provide evidence that information concerning the "alleged comparator" was wrongfully withheld from her.[18]

Three years later, in October 2016, Richards, again *pro se*, filed yet another Motion for Relief from Judgment, the contentions in which are the subject of the instant Memorandum Opinion.[19] In this motion, Richards argues that the judgment in favor of CATA should be reopened based on the doctrine of equitable tolling and, again, newly discovered evidence.[20] CATA, in turn, moves to dismiss Richards's motion, arguing that the issues Richards raises in the instant matter are the same issues previously adjudicated by both this Court and the Third Circuit, and which both were "summarily dismissed."[21] Richards's Motion for Relief from Judgment is now ripe for disposition.

---

[17] *Id.*

[18] *Id.* at 86.

[19] ECF No. 40.

[20] ECF No. 43 at 5-6.

[21] ECF No. 44 at 1.

II.   **DISCUSSION**

Federal Rule of Civil Procedure 60(b) permits a party relief from a

final judgment or order "under a limited set of circumstances including

fraud, mistake, and newly discovered evidence."[22] In particular, Fed. R.

Civ. P. 60(b)(2) permits relief when "newly discovered evidence, with

reasonable diligence, could not have been discovered" before summary

judgment was granted.[23] Newly discovered evidence "refers to evidence of

facts in existence at the time of [summary judgment] of which the

aggrieved party was excusably ignorant."[24] A party is entitled to relief only

if the newly discovered "evidence is (1) material and not merely

cumulative, (2) could not have been discovered prior to trial through the

---

[22] *Taylor v. Wetzel*, Civ. No. 4:CV-04-553, 2014 WL 5242076, at *5 (M.D. Pa. Oct. 15, 2014) (*citing Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2461 (2005)).

[23] Fed. R. Civ. P. 60(b)(2).

[24] *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (*citing U.S. v. 27.93 Acres of Land, More or Less, Situate in Cumberland County, Com. of PA Tract No. 364-07*, 924 F.2d 506, 516 (3d Cir. 1991)).

exercise of reasonable diligence, and (3) would probably have changed the outcome of the [motion]."[25]

To satisfy a Fed. R. Civ. P. 60(b) motion, the movant "bears a heavy burden"[26] and must show more than the "potential significance of the new evidence."[27] The Third Circuit views Fed. R. Civ. P. 60(b) motions "as extraordinary relief which should be granted only where extraordinary justifying circumstances are present."[28] Despite the movant's heavy burden, the movant nonetheless is governed by the timing requirement of Fed. R. Civ. P. 60(c)(1), which provides that the Fed. R. Civ. P. 60(b) motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding."[29]

### a. Equitable Tolling

---

[25] *Bohus*, 950 F.2d at 930 (*citing Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983)).

[26] *Bohus*, 950 F.2d at 930 (*citing Plisco v. Union R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967)).

[27] *Bohus*, 950 F.2d at 930 (*citing Plisco*, 379 F.2d at 16).

[28] *Bohus*, 950 F.2d at 930 (*citing Plisco*, 379 F.2d at 16).

[29] Fed. R. Civ. P. 60(c)(1).

In Richards's instant Motion for Relief from Judgment, she alleges that equitable tolling is applicable because her severe mental impairments constitute extraordinary circumstances, and, therefore, prevented her from timely filing this Motion.[30] The Third Circuit "has noted three circumstances in which equitable tolling is appropriate":

> (1) [W]here a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely matter but has done so in the wrong forum.[31]

The Third Circuit also has noted that equitable tolling "should be used sparingly, only when the principle of equity would make the rigid application of a limitation period unfair."[32] In addition, the United States "Supreme Court has stated that equitable tolling requires the movant to bear the burden of "establishing two elements: '(1) that he has been

---

[30] ECF No. 40 at 8-9.

[31] *Bennet v. Susquehanna County Children & Youth Services*, 592 Fed.Appx. 81, 83 (3d Cir. 2014) (*citing Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000)).

[32] *Griffin v. Penna*, Civ. No. 10-4570, 2012 WL 3205482, at *5 (E.D. Pa. June 14, 2012) (*citing Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003)).

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[33]

Mental incompetency, alone, "is not a *per se* reason to toll a statute of limitations."[34] Therefore, to establish mental impairment as an extraordinary circumstance, the movant must "demonstrate with particularized description the causal relationship between the mental deficiency and the failure to timely file the [motion]."[35] The Eastern District of Pennsylvania explained the relationship between the severity of the mental impairment and its affect on filing timely as such: "[A] mental condition that burdens but does not prevent a [movant] from filing a timely petition does not constitute 'extraordinary circumstances' justifying equitable tolling."[36] Moreover, equitable tolling should only apply to a

---

[33] *Griffin*, 2012 WL 3205482 at *5 (*citing Holland v. Florida*, 560 U.S. 631, 633, 130 S.Ct. 2549 (2010)).

[34] *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001).

[35] *Champney v. Secretary Pennsylvania Dept. of Corrections*, 469 Fed.Appx. 113, 117 (3d Cir. 2012).

[36] *U.S. v. Harris*, 268 F.Supp.2d 500, 506 (E.D. Pa. 2003).

statute of limitations when it "is demanded by sound legal principles as well as interests of justice."[37]

In deciding whether equitable tolling should be applied, the Third Circuit in *Harris* evaluated the totality of the circumstances in determining whether the petitioner's mental incompetence affected his ability to file a timely action; thus, the court considered the following non-exclusive factors:

> (1) [W]hether the [movant] was adjudicated incompetent and, if so, when did the adjudication occur . . . ; (2) [whether] the [movant] [was] institutionalized for his mental impairment; (3) [whether] the [movant] handled or assisted in other legal matters which required action during the federal limitations period; and (4) [whether] the [movant] supported his allegations of impairment with extrinsic evidence such as evaluations and/or medications.[38]

In *Harris*, the Court reasoned that petitioner's mental impairments did not constitute extraordinary relief to justify equitable tolling because the petitioner had neither been institutionalized nor adjudicated

---

[37] *Griffin*, 2012 WL 3205482 at *5 (*citing Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

[38] *Id.* at 117-18 (*citing Passmore v. Pennsyvlania*, No. 08-705, 2008 WL 2518108, at *3 (M.D. Pa. June 19, 2008)).

incompetent for his alleged mental impairments.[39] Although petitioner supplied evidence of his mental health evaluations, both the countervailing evidence presented by the Commonwealth coupled with the petitioner's "participation in court proceedings over an extended period of time compel[led] the conclusion that the extraordinary remedy of equitable tolling" was not warranted.[40]

Here, Richards's Motion raises similar issues. First, Richards neither was adjudicated mentally incompetent nor institutionalized for her impairment during the one-year period in which to file an appeal. Second, although Richards provided mental health evaluations with her Motion, she does not "demonstrate with particularized description the causal relationship between the mental deficiency and the failure to timely file the [motion]."[41] Richards does in fact provide extrinsic evidence of her medical evaluations; however, Richards only relies on her mental impairments as a *per se* justification for equitable tolling, which does not establish with

---

[39] *Champney*, 469 Fed.Appx. 118.

[40] *Id.*

[41] *Id.* at 117.

particularized specificity the causal relationship between her impairments and her inability to file a timely motion.

Moreover, during Richards's original claim against CATA, she was represented by counsel and timely filed all appeals. Thus, despite Richards's contention that she suffered an extraordinary circumstance due to her mental impairment, her original claim, with the aid of counsel, proceeded on an ordinary schedule of a suit in federal court and a timely appeal thereafter. Accordingly, the totality of the circumstances reveals that Richards was neither prevented on her first appeal nor her first motion for reconsideration from asserting her claim.

Lastly, Richards's argument is contrary to the interests of justice. This regrettable Motion is yet another attempt for this Court to review her previously adjudicated matters. Although this Court dismissed Richards's first motion for reconsideration due to timeliness, the Third Circuit nonetheless reviewed her motion on its merits. Finding no dispute of law, the Third Circuit affirmed this Court. Thus, Richards's argument for equitable tolling on the ground of mental impairment fails the totality of

the circumstances test and is contrary to the interests of justice because she

already was given an unwarranted determination on the merits of her

claim.

### b. Newly Discovered Evidence

Richards next argues that she recently has obtained newly discovered

evidence from a comparator, which demonstrates that CATA's proffered

reasons for termination were pretextual.[42] Newly discovered evidence is

facts that existed at the time of summary judgment, but of which the

"aggrieved party was excusably ignorant."[43] For Richards to satisfy the

standard of relief under Fed. R. Civ. P. 60(b)(2), she bears a heavy burden[44]

in showing "that the new evidence (1) be material and not merely

cumulative, (2) could not have been discovered before trial through the

exercise of reasonable diligence[,] and (3) would probably have changed

the outcome of the trial."[45]

---

[42] Br. of Pl. at 12.

[43] *Bohus*, 950 F.2d at 930.

[44] *Compass Technology, Inc. v. Tseng Laboratories, Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995).

[45] *Id.*; *see Bohus*, 950 F.2d at 930.

Specifically, Richards alleges that the newly discovered evidence only came to her knowledge "just prior" to her first Motion for Relief from Judgment in February 2013.[46] Richards admits that she was unaware what her counsel specifically requested in discovery, but did admit that her counsel "did propound reasonably thorough discovery requests."[47] Richards, however, alleges that her counsel "did not seek information regarding reinstatements of discharged CATA employees."[48]

The Third Circuit, in September 2013, concluded that Richards's newly discovered evidence argument would not prevail even if it were filed timely.[49] First, the Third Circuit found that Richards both failed to state when or how she received the information, and failed to state "that this evidence was not provided in discovery during the case."[50] Second, the Third Circuit found that Richards provided no explanation as to why "this evidence would not have been discoverable when she was originally

_____

[46] Br. of Pl. at 16.

[47] *Id.*

[48] *Id.*

[49] *Richards*, 540 Fed.Appx. at 85.

[50] *Id.*

litigating this case with the aid of counsel."[51] Third, the Third Circuit

affirmed this Court's conclusion that "the proposed evidence would not

have changed the outcome of the original litigation" because the alleged

comparator was not "similarly situated."[52]

Here, Richards clarifies that her comparator provided her with the

facts surrounding his discharge in February 2013. Even with this

clarification, however, February 2013 is two years after the Third Circuit

affirmed the summary judgment in favor of CATA, thus violating the one-

year time limitation permitted by Fed. R. Civ. P. 60(c)(1). Furthermore,

despite Richards's claim that she received the information in February

2013, the Third Circuit still considered and ruled on the evidence in its

September 2013 determinations. Therefore, in 2013, the Third Circuit ruled

on the "newly discovered evidence" that Richards proffers in her instant

Motion.

Next, Richards argues that, although her counsel did make thorough

discovery requests, counsel did not seek reinstatement information of

---

[51] *Id.*

[52] *Id.*

discharged CATA employees; thus, this reinstatement information could "have revealed similarly situated employees' disciplines and terminations such as" the comparator's. Richards, however, not only fails to state why this evidence would not have been discoverable through reasonable diligence, but also fails to address the materiality of this evidence, i.e., why it is relevant. Rather, Richards argues that her counsel simply did not request the right discovery documents, not that the evidence was neither material nor undiscoverable. Thus, Richards is unable to satisfy the first and second factors of the newly discovered evidence test in showing that the allegedly new evidence was material and could not have been discoverable before trial.

Lastly, Richards fails to show how the purported newly discovered evidence would have changed the outcome of the case. This Court first stated, and the Third Circuit subsequently affirmed, that the comparator on which Richards grounds her argument "was not 'similarly situated' because of the different 'nature of the misconduct engaged in that formed

the articulated reason for termination.'"[53] This Court emphasized the comparator's conduct was only a subset of Richards's, and the comparator, unlike Richards, had no "incidents that suggested potential violence."[54] Accordingly, Richards fails to satisfy her heavy burden of proving that she was excusably ignorant in discovering the evidence through reasonable diligence.

### c. Sanctions

The instant Motion is the third time Richards attempts to relitigate this case. In the most recent instances,[55] Richards has failed to file a timely motion and has relied on similar grounds to the already adjudicated matters. Thus, Richards, again, seems to be looking for an alternative route to obtain what she desires.

Federal Rule of Civil Procedure 11 "requires a party who signs a pleading, motion, or other paper to conduct a reasonable inquiry to assure

---

[53] *Richards*, 540 Fed.Appx. at 85 (citing *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 751 (7th Cir. 2006)).

[54] *Richards*, 540 Fed.Appx. at 85.

[55] Richards's first appeal, with counsel, was filed timely. Only the last two appeals, which were filed without counsel in 2013 and in this instant Motion, have been untimely.

that the document is well-grounded in fact and is warranted by existing law or a good faith argument. . . . "[56] In other words, "the purpose of Rule 11 is to deter the initiation of frivolous lawsuits,"[57] and requires a person to "stop, think, investigate and research" before filing a motion.[58] The Third Circuit has, unsurprisingly, articulated a duty on both counsel and unrepresented parties, such as Richards in the present matter, to conduct an objectively "reasonable inquiry as to both facts and law."[59]

Although a *pro se* motion, such as the instant Motion, "is held to less stringent standards than formal pleadings drafted by trained lawyers," Fed. R. Civ. P. 11 sanctions, nonetheless, will "be imposed in the exceptional circumstance where a pleading or motion is patently without merit or frivolous."[60] Thus, *pro se* litigants, like Richards, must follow the requirements provided under Fed. R. Civ. P. 11.[61] In considering Fed. R.

---

[56] *Martin v. Farmers First Bank*, 151 F.R.D. 44, 47 (E.D. Pa. 1993); *see also* Fed. R. Civ. P. 11.

[57] *Id.*

[58] *Id.*

[59] *Id.* at 48.

[60] *Id.*

[61] *Id.*

Civ. P. 11 sanctions, however, this Court "may take a person's status as a *pro se* litigant into account."[62]

In light of the foregoing, Richards is hereby admonished that any further attempt to re-raise similar issues, which are now final and adjudicated, may result in, but are not limited to, paying the opposing party's attorney's fees and costs. Raising issues that are final and have been previously adjudicated indicates to the Court an objectively unreasonable inquiry by Richards as to both the facts and the law in her instant Motion. While this Court certainly does not intend to "chill" Richards's access to the judicial system, her repeated attempts to obtain another bite of the judicial apple further indicates the frivolous nature of the instant Motion.[63]

Therefore, regarding the instant Motion, this Court will not impose Fed. R. Civ. P. 11 sanctions against Richards; however, Richards is now aware that subsequent motions based on these similar grounds, without an

---

[62] *Id.*

[63] *Id.* at 47.

19

objectively "reasonable inquiry as to both facts and law," may result in the

imposition of fees and costs against her.[64]

    An appropriate Order follows.

BY THE COURT:


s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[64] *Id.*